## Jones, Appellant, *v.* Scranton Coal Company.

*Negligence—Master and servant—Mines and mining—Infant.*

In an action against a coal mining company to recover damages for the death of a boy fifteen years old employed as a slate picker, a nonsuit is properly entered where it appears that the deceased met his death by being caught in the elevator machinery of defendant's breaker; that it was no part of his business to be near the machinery; and that there was nothing to show how he came near enough to the machinery to be injured by it.

Argued Feb. 20, 1905. Appeal, No. 212, Jan. T., 1905, by plaintiff, from order of C. P. Lackawanna Co., Sept. T., 1901, No. 974, refusing to take off nonsuit in case of Whitemore Jones and Elizabeth Ann Jones v. Scranton Coal Company. Before MITCHELL, C. J., DEAN, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before KELLY, J.

At the trial the court granted a compulsory nonsuit.

On a rule for a new trial KELLY, J., filed the following opinion:

Daniel Jones, a boy a little over fifteen years old, son of the plaintiffs, was killed on January 7, 1901, by being caught in the elevator machinery of the defendant's breaker. There was no eye witness to the accident, and no evidence to show how he came to be near enough to the machinery to be injured by it. He was employed as a slate picker in the August previous, and during all of the intervening time worked at the breaker as a slate picker, until the day of his injury. On that day he was engaged in the occupation of keeping the coal running in the chutes which lead from the elevator machinery to the screens, that is, whenever the coal became clogged he loosened it with a shovel and started it running again. There is no evidence to show how he came to be so engaged on the day of the accident, whether by order of the foreman or as a mere volunteer, but assuming it was by order of the foreman, his work in keeping the coal running in

the chutes did not require him to be in any dangerous proximity to the elevator machinery.   When last seen, a minute or two before the accident, he was leaning over the chute watching the coal running down into the screen, about ten feet away from the machinery.   He would have to go up several steps to get to the elevator, and the evidence shows that it was no part of his business to go to it, or be near it, even in the work of looking after the chutes.   While some of the testimony showed that the machinery in question was substantially guarded, there is other testimony tending to show that it was not.   The negligence complained of in the plaintiff's declaration was that the boy was required and permitted to do other work than that which he was employed to do, work more hazardous and dangerous, viz.: to care for and move the culm from the elevators and to keep the elevators clear and free from clogging, and that the defendant failed to instruct him of the danger and hazard incident to such work; and that he was caught in the machinery and killed while so employed.   The plaintiffs failed to show that he was required or permitted by the defendant to work about the machinery in question, or that he was so employed when he met with the accident.   They failed entirely to prove the negligence set out in their declaration. Under the evidence the boy was at the place where he had no business to be when he was injured, and at a place where the defendant owed him no duty.   So even if the machinery was not guarded properly that would not render the defendant liable : Gillen v. Rowley, 134 Pa. 209.

Another fatal defect in the plaintiff's case is the failure to show how the accident happened, which must always be shown in cases of this character, by at least a fair preponderance of the evidence : Ford v. Anderson, 139 Pa. 261.   That the mere happening of the accident raised no presumption against the defendant is a principle so well settled that it would be idle to quote any authority to sustain it.

Taking all of the evidence presented into consideration, we cannot see that the plaintiffs have shown the defendant's responsibility for the unfortunate accident which resulted in their son's death.   Rule discharged.

*Error assigned* was refusal to take off nonsuit.

*Charles E. Daniels*, with him *W. M. Bunnell*, for appellant.

*James E. Burr*, with him *James F. Bell*, for appellee.

PER CURIAM, April 24, 1905:

This judgment is affirmed on the opinion of the court below.